United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 7, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-50292
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ZETERAL PERKINS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
No. 7:05-CR-136-2
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Zeteral Perkins appeals his conviction of and sentence for conspiracy to distribute more than 50 grams of cocaine base and distribution of more than 50 grams of cocaine base. He argues that the district court abused its discretion in denying his motion for a new trial; that the government violated <u>Brady v. Maryland</u>, 373

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S. 83 (1963), by failing to disclose evidence that a witness had recanted harassment allegations in an unrelated case; and that the evidence is insufficient to support his convictions.

The failure of the probation officer to disclose that Angela Hutson had filed harassment charges in an unrelated matter against an individual and later recanted those allegations does not provide a basis for new trial. The evidence was merely impeaching, is not material, and would not probably produce an acquittal at a new trial. See United States v. Freeman, 77 F.3d 812, 817 (5th Cir. 1996). Therefore, the district court did not abuse its discretion by denying the motion. See United States v. Jamarillo, 42 F.3d 920, 924 (5th Cir. 1995). Moreover, although Hutson's allegation and recantation may have impeached her credibility, Perkins fails to show a reasonable probability that the result of the proceeding would have been different if that information had been disclosed before trial. See United States v. Moore, 452 F.3d 382, 387-88 (5th Cir.), cert. denied, 127 S. Ct. 423 (2006).

Perkins contends that the evidence did not establish that he entered into an agreement and therefore, his conspiracy conviction cannot stand. Hutson's testimony and the recorded conversations provided evidence of an agreement. Although Perkins challenges Hutson's credibility, credibility determinations "are to be re-solved in favor of the verdict." United States v. Resio-Trejo, 45 F.3d 907, 911 (5th Cir. 1995). Perkins also challenges his dis-tribution conviction, arguing that there was no evidence that he

was connected to the crack cocaine found in Hutson's residence. Hutson testified that Perkins sold her the crack cocaine earlier in the day. The evidence was sufficient for a reasonable trier of fact to find that Perkins was guilty beyond a reasonable doubt. See United States v. Mendoza, 226 F.3d 340, 343 (5th Cir. 2000).

AFFIRMED.